396 P.2d 256

Clayton HATFIELD, Appellant,

v.

ARIZONA HIGHWAY PATROL MERIT SYSTEM COUNCIL, Vernon C. Foster, Chairman of the Merit System Council, Howard R. Guinn, Member of the Merit System Council, and George A. Bideaux, Member of the Merit System Council, Appellees.

No. 7457.

Supreme Court of Arizona.

En Banc.

Oct. 21, 1964.

William J. Skousen, Mesa, Vincent D. Maggiore, Edmond J. Brash, and H. B. Daniels, Phoenix, for appellant.

Kenneth S. Scoville, Phoenix, and Robert W. Pickrell, Atty. Gen., for appellees.

STRUCKMEYER, Justice.

Appellant brought certiorari in the court below, seeking to review his dismissal from the Arizona Highway Patrol. He was hired by the Patrol in 1954. At the time he was hired, his weight was over the maximum of 225 pounds as specified by the Arizona Merit System Council for highway patrolmen. From 1954 to 1960 appellant was told repeatedly, both orally and in writing, to reduce. He did not do so and, although petitioner was only six feet one-half inch tall, his weight was over 300 pounds at times.

In February of 1960 appellant, who then weighed 293 pounds, received the following notice:

"1. You have been repeatedly admonished from the time you were employed with the Highway Patrol to reduce your weight to a reasonable degree.

"2. If you have not reduced your weight to 250 pounds by July 31, 1960 your services with the Arizona Highway Patrol will be terminated.

"GOH/h    /s/ G. O. Hathaway
                   Superintendent
                   Arizona Highway Patrol

"cc: Merit System Council File"

On August 1, 1960, appellant, who had reduced his weight to 257 pounds, received this notice:

"ARIZONA HIGHWAY PATROL
    "STATE      HEADQUARTERS
      "PHOENIX,      ARIZONA.

"SPECIAL ORDER NO. 160–60

"DATE:          1 August 1960

"SUBJECT: TERMINATION OF SERVICES—SUSPENSION

"TO: MR. CLAYTON HATFIELD

"1. Effective at 2400 hours, 2 August 1960, your appointment as an officer in the Arizona Highway Patrol is hereby suspended and your employment is thereby terminated by reason of your behavior and acts which are inimical to the Patrol interest and which indicate your failure to properly fulfill the general qualifications for Patrol service as prescribed by M.S.C. Rules 5.2.04 and 8.3.03(C) (4).

*     *     *     *     *     *

"5. You may become eligible for reinstatement after you have achieved a reduction in your body weight in

conformance to specifications prescribed by Merit System Council rules.

"BY ORDER OF:

"G. O. Hathaway, Superintendent

"Arizona Highway Patrol"

Appellant appealed his dismissal to the Arizona Merit System Council which sustained the order of suspension. The superior court reviewed and affirmed the action of the council. The appeal to this Court followed.

There is no dispute but that appellant weighed more than allowed by the rules of the Merit System Council and had not reduced in an amount necessary to comply with the order of the superintendent. We agree with appellant that the state cannot exclude a person from any occupation in a manner or for reasons that contravene the due process clause of the Fourteenth Amendment and that he must be given "a reasonable definite statement of the grounds" for his dismissal. Bennett v. Arizona Board of Public Welfare, 95 Ariz. 170, 388 P.2d 166. The question presented here is whether appellant was given a reasonable definite statement of the grounds for his dismissal.

In February, appellant was informed that unless he reduced to 250 pounds in the next five months he would be fired. He did not lose the required weight. At the end of five months he was given notice of suspension pursuant to Rules 5.2.04 and 8.3.03(C) (4), Rules of the Merit System Council. By these rules, appellant was notified that he did not have the general qualifications necessary to be a highway patrol officer and with having been insubordinate and willfully disobedient.

Appellant contends the notice is defective in that it does not show *how* he was either insubordinate or willfully disobedient. But appellant was ordered to reduce his weight to 250 pounds in five months and when he did not, he was suspended. The notice of suspension states, in its fifth paragraph, that appellant will be eligible for reinstatement when his weight conforms to the rules of the council, i. e. 225 pounds. This clearly implies that the only charge against appellant was that he was too fat and that he had failed to obey an order to reduce to a specified amount. It is our conclusion that appellant was given a sufficient definite statement to meet the requirements of procedural due process of law.

Appellant next contends that his failure to lose the prescribed amount of weight was not an act of insubordination and was not willful. Appellant adduced testimony that he did in fact take off weight, though not enough, and that he was under a doctor's care during the time involved. His contention is that if he tried to take off weight he was obeying orders and that his failure to take off sufficient weight cannot be willful.

■ There was also, however, medical testimony that appellant could have taken off the required weight in the time specified. Where the testimony is in conflict we will accept the fact as found by the trier of fact. Hollis, v. Industrial Commission, 94 Ariz. 113, 382 P.2d 226; Electrical Advertising, Inc. v. Sakato, 94 Ariz. 68, 381 P.2d 755.

■ Appellant's final argument is that since he weighed 290 pounds at the time he was hired and has been overweight since that time, the failure to enforce the 225-pounds rule has resulted in its being waived by the Highway Patrol. He relies on Eastman v. Southworth, 87 Ariz. 394, 351 P.2d 992. In Eastman, the statute construed was A.R.S. § 32–1452 relating to the denial of an applicant to practice medicine. The statute there specifically stated that no conduct occurring more than two years next preceding the application could be considered. We are referred to no such provision for waiver of requirements in the Merit System Council rules and the case is not in point. In the present case, the appellant had been repeatedly warned and urged to get his weight down during the entire time he was a patrolman. Accordingly, we do not believe the Highway Patrol can be held to have waived the weight requirement.

Affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and BERNSTEIN and SCRUGGS, JJ., concurring.