State ex rel. Dela Hunt, Respondent, v. Ward and others, Appellants.

*January 5—February 2, 1965.*

For the appellants there was a brief by *Robert P. Russell,* corporation counsel of Milwaukee county, and *James J. O'Donnell,* first assistant corporation counsel, and oral argument by *Mr. O'Donnell.*

For the respondent there was a brief by *Brennan & Brennan* of Milwaukee, and oral argument by *Joseph K. Brennan* and *Robert G. Dela Hunt* of Milwaukee.

HALLOWS, J.   The civil service commission of Milwaukee county was created pursuant to the provisions of ch. 259, Laws of 1917. The original secs. 772–1 to 772–17 as amended are now secs. 63.01 to 63.16, inclusive, Stats. The predecessor sections of 63.01 and 63.02 directed Milwaukee county to establish a civil service commission as part of the county civil-service law and such commission to adopt rules and regulations to carry out the provisions of the act as in the commission's judgment would secure the best service for the county.  Sec. 63.04 and its predecessor section prohibited

the appointment, promotion, demotion, transfer, or removal of any person in the classified service except in accordance with the provisions of secs. 63.01 to 63.16, inclusive. Since 1917 to 1963 sec. 63.10 provided that whenever an appointing officer believed an employee in the classified service in his department was incompetent to perform his duties or merited suspension, demotion, or dismissal, the officer was required to report in writing to the commission the grounds of his complaint. Provision was made for a hearing before the commission on the complaint and for appropriate action by it.

Shortly after the enactment of the civil-service law, the Milwaukee county civil service commission was created and adopted rules which were published and became effective on January 1, 1918. Rule IV, sec. 4, of these original rules provided that original appointments should be on a probationary basis for a period of three months and if any probationer upon a fair test was found incompetent or unqualified, the appointing officer was required to certify in writing such finding giving the reasons to the commission and requesting the separation of such probationer; and upon approval by the commission, the probationer would be discharged. Over the years this rule has been amended until in its present form it provides, in part, "All persons certified from original or promotional eligible lists, and all persons certified from a layoff list, shall be on probation for a period of six months, except . . . . If any probationer after a fair trial shall be found incompetent or unqualified, in the opinion of the appointing authority, to perform the duties of the position to which he has been certified, the appointing authority may separate the probationer prior to the completion of the probationary period and shall submit to the commission a written statement of his reasons for such separation, together with such other service-rating reports as the commission may require. The retention of a probationer in the service after

the expiration of the probationary period shall be equivalent to his final and absolute appointment."

The relator contends this rule is inconsistent and in conflict with secs. 63.04 and 63.10, Stats., in that the statutes do not authorize the commission to adopt a rule providing for the summary dismissal of county employees whether during a six-month probationary period or otherwise. It is not contended the commission could not adopt rules relating to a probationary period but only that such rules cannot provide for a discharge or dismissal without a hearing as provided in sec. 63.10. We believe *State ex rel. Irany v. Milwaukee County Civil Service Comm.* (1962), 18 Wis. (2d) 132, 118 N. W. (2d) 137, relied on by the relator is not controlling. In *Irany* the rule relating to the suspension of a regular employee without a hearing was in direct conflict with sec. 63.10, which in our view deals with the safeguards of permanent status of regular employment but does not purport to regulate the probationary period which necessarily precedes a permanent status in civil service.

So far as original employment is concerned, a probationary period is the hind part of the examining and hiring process; almost as much can be said for the probationary period applied to promotions. The probationary period is primarily for the purpose of affording the hiring authority an opportunity to test the ability of an employee on the job. We do not consider it essential to the probationary concept that a separation from a position, called a "discharge" by the relator, during the period should only be made after a hearing. Most civil-service laws provide for the separation of the probationer from service without any hearing. While the relator speaks of a discharge of a probationer, it is more correct to refer to a "separation" from the position, as the rule does. A separation is distinguishable from discharge in that upon a separation the probationer may be restored to an

appropriate eligible list by the commission and again certified to other departments, while a discharge or dismissal as used in sec. 63.10, Stats., contemplates a final termination of a regular employee's permanent status. Under the rule, the director has the power to separate a probationer from a position but not the power to discharge. We think the vital distinction between the status in a probationary period and in permanent employment is the very fact that during a probationary period one may be separated without a hearing. If a hiring authority under the commission's rule separates a probationer from a position arbitrarily without affording him a fair trial on the job, the probationer would have recourse to the courts on the issue of arbitrariness. However, after a fair trial the reasons for the separation of a probationer should not be subject to review except as may be provided by the rule. We consider Rule IV, sec. 4, to be a reasonable rule in its application to the relator and "adapted to secure the best service for the county" as required by sec. 63.02, Stats.

Even if it were debatable that the rule were in conflict with a construction of sec. 63.10, Stats., that the legislature intended the section to apply to probationary periods, the fact remains the rule has been in existence substantially in its present form since 1917 shortly after the passage of the Civil Service Act for Milwaukee county. Apparently those required to carry out the act in Milwaukee county understood it provided extensive rule-making powers since the act covered the field of civil service in only a few broad-sweeping paragraphs. This rule providing for summary discharge during a probationary period has not been challenged in this court in the forty-odd years of its existence. This long-unchallenged interpretation that neither secs. 63.04 nor 63.10 prevented such a rule is entitled to serious consideration. *Trczyniewski v. Milwaukee* (1961), 15 Wis. (2d) 236, 112 N. W. (2d) 725. And, we do not consider such interpretation to be "plainly erroneous or inconsistent with the stat-

utes." *State ex rel. Durando v. State Athletic Comm.* (1956), 272 Wis. 191, 75 N. W. (2d) 451.

But more important we think the interpretation of these sections giving rise to the rule and its validity was recognized and blanketed in the statute by the legislature in 1941 when it passed two amendments to the act which are now secs. 63.06 and 63.07, Stats. Sec. 63.06 was created by ch. 102, Laws of 1941, as sec. 16.351 and provided that any person in the classified service of any county who become an active member of the military or naval forces of the United States should be granted a leave of absence and, "Service toward seniority or salary advancement shall be deemed not to be interrupted by such military service, provided that persons occupying a probationary status upon commencing such military leave shall revert to such status upon reinstatement." Likewise, sec. 63.07 created by ch. 232, Laws of 1941, as sec. 16.352 recognized probationary service and provided that the period of service of any temporary appointment should not be counted "as a part of the probationary service required after appointment to a permanent position." Neither of these sections has complete meaning unless the probationary provisions of the Milwaukee county commission rules are recognized as valid.

The cases cited from other states are not very helpful in construing our statutes because of the differences in the statutory language. However, *People ex rel. Betts v. Maywood* (1938), 298 Ill. App. 160, 18 N. E. (2d) 459, is on all fours. It was there held that the Illinois statute similar to our sec. 63.10 requiring a hearing before discharge of an employee under civil service did not prevent the board of fire and police commissioners from establishing a rule providing for the establishment of a probationary period and for a discharge without hearing during such period.

*By the Court.*—Order reversed, with directions to quash the writ.