433 P.2d 28

SCHOOL DISTRICT NO. 8, PINAL COUNTY, Petitioner,

v.

The SUPERIOR COURT OF PINAL COUNTY, Arizona, and the Honorable T. J. Mahoney, Judge of the Superior Court of Pinal County, Respondents.

No. 9021.

Supreme Court of Arizona.

In Banc.

Nov. 2, 1967.

Lloyd D. Brumage, Pinal County Atty., Richard G. Clemans, Deputy County Atty., Florence, for petitioner.

Chandler, Tullar, Udall & Richmond, Tucson, for Mabel Forseth, real party in interest.

STRUCKMEYER, Justice.

This original application for writ of prohibition was filed by School District No. 8 of Pinal County to test the jurisdiction of the Superior Court to issue a peremptory writ of mandamus compelling petitioner to renew the employment contract of Mabel F. Forseth, a probationary teacher. We accepted jurisdiction pursuant to Article VI, § 5, Constitution of Arizona, A.R.S. The alternative writ of prohibition heretofore issued is made permanent.

On March 13, 1967, Mabel F. Forseth was notified by the School District that it had decided to terminate her employment with the district. Pursuant to statute, § 15-259, A.R.S., providing that in the case of a probationary teacher the school board shall incorporate in the notice of termination "a statement of the reasons," the notice of termination did incorporate a statement of the reasons in this language:

"* * * Your contract of employment has been terminated for the following causes:

"1. Lack of cooperation

"2. Insubordination"

Mabel F. Forseth then sought a writ of mandamus in the Superior Court of Pinal County to compel the School District to issue to her a written contract of employment for the school year 1967–1968; and the School District, in turn, brought this action here to prohibit the Superior Court

from issuing a permanent writ of mandamus to the school board.

■ We have previously construed the Arizona Teacher Tenure Act, in Tempe Union High School District v. Hopkins, 76 Ariz. 228, 262 P.2d 387, to the effect that if the notice did not incorporate the reason for termination of the contract it was void and, in law, no notice at all. It is respondent's position that the words "lack of cooperation" and "insubordination" are "gross conclusions" and, therefore, do not, in fact, constitute a statement of the reasons for dismissal.

■ In considering the dispute here, we bear in mind that the broad purpose of teacher tenure is to protect worthy instructors from enforced yielding to political preferences and to guarantee to such teachers employment after a long period of satisfactory service regardless of the vicissitudes of politics or the likes or dislikes of those charged with the administration of school affairs. We summarized our former decisions in Johnson v. Board of Education, 101 Ariz. 268, 419 P.2d 52, and pointed out that the tenure act contemplates that a continuing teacher, one whose contract has been renewed for four consecutive years, is entitled to a hearing before discharge and that there must always exist good cause for the notice of termination. See § 15–254, A.R.S. We emphasized that the situation was different with probationary teachers, stating that:

"In their case, if their contract is not to be renewed, only the proper notice is required, and the Board need not show 'good cause', * * *." 101 Ariz. at 272, 273, 419 P.2d 52, 56.

■ Neither authority nor precedent has been cited by respondents to support the narrow interpretation sought to be placed upon the language of the statute, A.R.S. § 15–259, supra, nor do we think that such a narrow interpretation is justified. Since the legislature did not require "good cause" for the termination of a contract of a probationary teacher, the purpose of a state-

ment of reasons is simply to point out the teacher's inadequacies in order that she may correct them in the event of subsequent employment. Accordingly, a specification of details, such as time, place and circumstances, are unnecessary. In this respect, the statement of the Supreme Court of Pennsylvania in McCoach v. Philadelphia, 273 Pa. 317, 321, 117 A. 71, 73, a case in which a police officer was demoted, is applicable here:

"Neither the court below nor this court is charged with an inquiry into the truth or falsity of the causes alleged; and since there is no trial to be had, the accused is not entitled to such clear specifications as would otherwise be required."

■ Clearly, the reasons assigned for the termination of the Forseth contract, that is, insubordination and lack of cooperation, are generic, categorizing the type of conduct which the school board or superintendent found objectionable. But both grounds, we think, have fixed and well-understood meanings so that they do not leave the teacher in ignorance. Insubordination imports a willful disregard of express or implied directions of the employer and a refusal to obey reasonable orders, McIntosh v. Abbot, 231 Mass. 180, 120 N.E. 383, and lack of cooperation is characteristically a subtle species of insubordination. Both terms are descriptive of a class of censurable practices destructive of the efficiency of the employer's organization. Accordingly, where, as here, a probationary teacher's right to remain in public service is dependent upon whether the appointing officers are satisfied with the teacher's conduct and capacity, and they are, in law, the sole judges, we are reluctant to place an unduly narrow construction on the legislative language lest it defeat the salutary purpose of determining the fitness of a probationer to serve a school district.

■■ We hold, therefore, that the notice of dismissal or termination contemplated by the statute in the case of probationary teachers need not specify in detail

the time, place or circumstance of the conduct which the school administrator or school board finds detrimental to her efficiency as a teacher, and that the language of a notice is sufficient if it simply states undesirable qualities which merit a refusal to enter into a further contract.

It being our opinion that the Superior Court was without jurisdiction to supercede

the discretion of the School District in the discharge of Mabel F. Forseth, the alternative writ of prohibition is made permanent.

BERNSTEIN, C. J., McFARLAND, V. C. J., and LOCKWOOD, J., concur.

NOTE: Justice JESSE A. UDALL disqualified himself from the consideration of this case.