512 P.2d 1229

ARNOLD CONSTRUCTION COMPANY, INC., a Arizona corporation, Petitioner,

v.

ARIZONA BOARD OF REGENTS and Arizona State University, Tempe, Arizona, Respondents.

No. 11185.

Supreme Court of Arizona, In Banc.

July 24, 1973.

Lutich & D'Angelo by Peter T. D'Angelo, Phoenix, for petitioner.

Gary K. Nelson, Atty. Gen., by Ralph E. ·Willey, Asst. Atty. Gen., Phoenix, for respondents.

Gary K. Nelson, Atty. Gen., by Andrew W. Bettwy, Asst. Atty. Gen., Phoenix, for amicus curiae Registrar of Contractors.

HOLOHAN, Justice.

This matter comes before us by Special Action in which the petitioner, Arnold Construction Company, Inc., seeks to prohibit the Arizona Board of Regents from awarding a contract to Redden Construction, Inc. We accepted jurisdiction (Ariz. Const. art. 6, § 5, A.R.S.) because of the nature of the case and the importance of the issues presented.

The facts are not in dispute. The Arizona Board of Regents has authorized a project to construct an addition to the Physical Science Center at Arizona State University to be known as the Physics and Geology Addition. The architect employed by the Regents to design the structure had at the time of this action completed the plans and specifications for approximately sixty per cent of the total project. The Regents decided to commence construction of a portion of the project. Apparently the amount of funds available through legislative appropriation was not sufficient to allow the full project to be built at this time.

The phase of construction in question in this case does not in itself involve a structure for the support, shelter and enclosure of persons, animals, chattels or movable property, but it appears to be the foundation works for a building to be constructed. Bids were requested and received by the Regents in connection with the phase of the project, and the low bid was submitted by Redden Construction, Inc. which is licensed by the Registrar of

Contractors as a Class B General Building, Heavy Construction, contractor. The second low bidder was Arnold Construction Company, Inc., the petitioner, which is licensed by the Registrar of Contractors as a Class B contractor and a Class A General Engineering contractor. It is conceded that Redden Construction, Inc. does not hold a Class A contractor's license. Arnold Construction Company, Inc. has protested an award of the contract to Redden Construction, Inc. on the grounds that Redden does not possess the necessary contractor's license and Redden is therefore ineligible to perform the contract.

If Redden does not possess the required contractor's license to do the work required its bid may not be considered. A.R.S. § 34–241, subsec. A provides:

"A. When calling for bids for contracts for public work to be performed on behalf of the state or any political subdivision thereof, which will be paid for from public funds, no bid shall be considered for performance of a contract, including construction work which is not submitted by a bidder duly licensed as a contractor in this state."

The question presented in this case is whether Redden has the proper license for construction of the phase of the project to be built.

Redden Construction, Inc. has a General Building contractor's license (Class B). A.R.S. § 32–1102, subsec. 1 defines such a contractor as:

"1. General building contracting. A general building contractor is a contractor whose principal contracting business is in connection with any structure built, being built, or to be built for the support, shelter and enclosure of persons, animals, chattels or movable property of any kind requiring in its construction the use of more than two unrelated building trades or crafts, or to do or superintend the whole or any part thereof, but does not include a person who merely furnishes materials or supplies as provided in § 32–1121 without fabricating them into or consuming them in performing the work of the general building contractor."

The petitioner maintains that the phase of construction which is to be undertaken cannot be accomplished by a Class B contractor because the structure or project to be built is not in and of itself a structure for the support, shelter and enclosure of persons, animals, chattels or movable property. Implicit in petitioner's contention is the position that the specific job to be built must be considered separately and independent of any reference to the total project contemplated when all phases are completed. Petitioner argues that the only matter which this Court or the Regents may look to is the type of structure to be built under the contract to be awarded. Under such a view the proposed construction lies outside of the jurisdiction of a General Building contractor, and the proper license, it is contended, would be General Engineering which is defined under A.R.S. § 32–1102, subsec. 2 as:

"2. General engineering contracting. A general engineering contractor is a contractor whose principal contracting business is in connection with fixed works requiring specialized engineering knowledge and skills and includes but is not limited to any or all of the following divisions or subjects: irrigation, drainage, water power, water supply, flood control, inland waterways, harbors, railroads, highways, tunnels, airports and runways, sewerage, bridges, earthmoving projects, paving and transmission lines."

There is no question but that Redden Construction, Inc. has the proper license to construct the total project, that is, the Physics and Geology Addition to the Physical Science Center if the project in its totality had been submitted for construction under a single contract. The Regents argue that if a contractor is properly licensed to do the whole project it is absurd to say that he is not licensed to do a part of that same project.

The Registrar of Contractors has filed an amicus brief, and in it he supports the

position taken by the petitioner. Essentially, the Registrar argues that a construction contract must be examined as to its four corners and not with regard to extrinsic possibilities or probabilities. Implicit in the argument of the Registrar is the position that the only certainty is the contract to be awarded, and what the project may ultimately be is a matter of speculation based upon factors which may or may not occur. There is, of course, an element of both reason and prudence in the position of the Registrar. The legislature can always decline to fund a project beyond amounts already appropriated. On the other hand, men in all walks of life, including government, act upon reasonable anticipation. It is extremely doubtful that a construction project, once undertaken, which has large sums of money invested in it will be abandoned before the ultimate completion of the building. This is not to say that events and circumstances might occur which would cause an abandonment of a project, but in considering the matter this Court should look to the usual conduct of men in handling their affairs rather than the exceptional occurrence.

Government agencies often rely on the fact that once a building project has been authorized, and a portion of the money appropriated, the usual result is that additional funds for the completion of the project will be made available in future appropriations. Even with government, the existence of a large excavation containing concrete foundations and provision for utilities compels the conclusion that funds for the placement of the building on that foundation will probably be forthcoming.

■ The resolution of this case involves the construction to be placed on the statutes governing the licensing of contractors. Unquestionably, in the construction of a statute, the first duty of the Court is to find the intent of the legislature.

■ To arrive at the intention of the legislature we look to the words, context, subject matter, effects and consequences, reason, and spirit of the law. Westing-house Electric Corporation v. Rhodes, 97 Ariz. 81, 397 P.2d 61 (1964).

■ The purpose of licensing building contractors is for the protection of the public. Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111 (1951). The legislature gave to the Registrar of Contractors the duty to require that those involved in constructions of structures and improvement to real property have the required skill, training and ability to accomplish such construction in a safe and workmanlike fashion. In the case at issue there is no question of the ability of the general contractor, Redden Construction, Inc., to accomplish the project in a safe and proper manner, and, but for the phasing of the project, its license would clearly allow it to build the total project.

■ In the interpretation of a statute the Court should give it a sensible construction which will accomplish the legislative intent and purpose and, if possible, avoid an absurd conclusion or result. Mendelsohn v. Superior Court, 76 Ariz. 163, 261 P.2d 983 (1953). We believe that the position contended for by the petitioner and Registrar would lead to an absurd result without, in any way, accomplishing the statutory purpose. Under the rules issued by the Registrar pursuant to A.R.S. § 32–1105, a general contractor may do all or any part of the work required to be done under any contract which he, under his licenses, is authorized to enter into. Rule 11, Rules and Regulations of the Registrar of Contractors. Under the foregoing rule, Redden could have done the work called for in the contract to be awarded if the total project had actually been submitted for bid and construction. It is certainly an odd result to provide that the contractor is qualified and skilled to build the total building and all its parts, but he is not licensed to build the part of that same whole when it is separated into phases or parts.

■ While courts give great weight to the opinions of those charged with the duty of administering the regulation of a pursuit involving technical expertise, we

are not persuaded to follow the opinion of the Registrar in this case because it results in an absurdity which is not necessary under the purpose of the act nor required by a reasonable and fair construction of the wording of the statute.

A.R.S. § 32–1102, subsec. 1 describes the structure for support, shelter and enclosure of persons, etc., in terms of " . . . built, being built, or to be built . . . . "

We believe that a reasonable interpretation of the language used is that the structure contemplated in the statute includes the product which the owner plans and expects to have built, and the nature of the building to be built is not changed by the fact that the owner elects to have the construction of the building proceed in separate phases or stages. In the instant case the structure *to be built* is the Physics and Geology Addition to the Physical Science Center which will shelter and enclose persons, and the nature of the structure is not changed by the fact that the Board of Regents have seen fit to proceed with the construction in a series of phases. Redden Construction, Inc. holds a contractor's license which permits it to construct the addition to the science center, and the same license is sufficient to permit Redden to construct the phase in question. The relief requested in the Special Action is therefore denied.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.