528 P.2d 181

Connie R. DIXON, a single woman, Appellant,

v.

Ira OSMAN, the Auditor General of the State of Arizona, and the State of Arizona, Appellees.

No. 1 CA-CIV 2168.

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 14, 1974.

Treon, Warnicke & Dann, P. A. by B. Michael Dann, Phoenix, for appellant.

N. Warner Lee, Atty. Gen. by Nicholas C. Guttilla, Asst. Atty. Gen., Phoenix, for appellees.

## OPINION

JACOBSON, Chief Judge, Division 1.

The dispositive question in this appeal is whether the Auditor General may discharge a public employee from public employment because of a past criminal conviction without prior notice and opportunity to be heard.

As this case comes to us by way of a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b), Arizona Rules of Civil Procedure, the facts as alleged in appellant's amended complaint are presumed to be true, Savard v. Selby, 19 Ariz.App. 514, 508 P.2d 773 (1973). The appellant's amended complaint contains the following factual allegations: In 1969 appellant was convicted of two felonies, drawing checks on an insufficient account and fraud. She served a term at the Arizona State Prison and was then paroled. In May of 1971, while she was still on parole, she applied for and was given employment as a statistical typist by the Auditor General of the State of Arizona; prior to this employment she had not been questioned as to her criminal record. Her performance for the Auditor General was exemplary and she received a salary increase. However, on September 21, 1971, appellant was dismissed from her position without notice or the opportunity to be heard on the matter. The sole reason alleged for her dismissal was her prior felony conviction.

The Auditor General filed a motion to dismiss this suit on the ground that appellant had failed to state a claim upon which relief could be granted. The trial court, following oral arguments on the matter, granted the motion to dismiss as it found that appellant had "no constitutional, statutory, common law or contractual right to employment by the Auditor General." Following post-dismissal motions, she perfected her appeal with this court.

A.R.S. § 38–921(3) (Supp.1973) provides that the Auditor General and his employees are exempt from the provisions of the State Personnel Code, A.R.S. §§ 38–901 through 38–935 (Supp.1973), because the Auditor General is appointed by the Joint Legislative Budget Committee, A.R.S. § 41–1279.01 (Supp.1973). Appellant was employed and dismissed under A.R.S. § 41–1279.02 (Supp.1973) which provides:

> "The auditor general may, with the approval of the joint legislative budget committee, appoint and prescribe the duties of such additional professional, technical, clerical and other employees, or contract for such services, necessary to administer the provisions of this article. Such employees shall receive compensation as determined pursuant to § 38–611 and serve at the pleasure of the auditor general, retaining their positions for no reason other than meritious performance."

Appellant agrees that under this statute the Auditor General may dismiss his employees with or without cause. Appellant also agrees that there is no constitutionally protected right to government employment, Bailey v. Richardson, 86 U.S. App.D.C. 248, 182 F.2d 46 (1950), aff'd by an equally divided Court, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352 (1951). However, appellant contends that despite these principles her discharge amounts to a denial of due process and equal protection of the laws since it was arbitrary, capricious and discriminatory. Appellant's argument is rejected for two reasons.

First, the Fourteenth Amendment can only be invoked to protect against

State action in depriving an individual of life, liberty, or property without due process of law. As stated in Bailey v. Richardson, *supra,* government employment is not property, it cannot be perceived of as liberty, and it certainly is not life. There especially is no property right involved when the only thing at stake is a specific job for which the individual has only an abstract need or desire, rather than a legitimate claim of entitlement to that job based on contract, statute or regulation. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548, 561 (1972). By this discharge appellant is not prohibited from seeking employment with other offices in the state government system which might not be as sensitive to her particular conviction and thus no property right of hers has been infringed by the dismissal, *Roth, supra.*

■ Second, even though the appellant has no constitutional right to government employment, as such, we recognize that the State could not dismiss an employee for a constitutionally impermissible reason. Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), *see* Hatfield v. Arizona Highway Patrol Merits Sys. Coun., 97 Ariz. 24, 396 P.2d 256 (1964). Appellant would certainly be entitled to the relief she seeks if she had been discharged because she had exercised her rights:

" . . . as guaranteed by the free speech clause of the First Amendment, Pickering v. Board of Education, 391 U. S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811, Board of Trustees of Arkansas A & M College v. Davis, 396 F.2d 730 (8th Cir.), cert. denied, 393 U.S. 962, 89 S.Ct. 401, 21 L.Ed.2d 375; by the self incrimination clause of the Fifth Amendment, Slochower v. Board of Higher Education, 350 U.S. 551, 76 S.Ct. 637, 100 L. Ed. 692; by the due process clause of the Fifth or Fourteenth Amendments, Greene v. McElroy, 360 U.S. 474, 79 S. Ct. 1400, 3 L.Ed.2d 1377; or by the equal protection clause of the Fourteenth Amendment, Hatton v. County Board of Education, 422 F.2d 457 (6th Cir.);

Rolfe v. County Board of Education, 391 F.2d 77 (6th Cir.)." Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971), cert. denied, 40 U.S. 943, 92 S.Ct. 2847, 33 L.E.2d 767 (1972).

However, appellant does not contend that she was dismissed due to her exercise of her right to free speech or against self incrimination or because of racial discrimination. Instead, she complains that she was dismissed solely because of her felony convictions. The Constitution does not afford an individual the "right" to be a convicted felon.

As the Fourteenth Amendment requirements concerning procedural due process apply only to the deprivation of interest encompassed within its protection of life, liberty or property and no constitutionally impermissible reason has been alleged for appellant's dismissal from government employ, her constitutional argument on this front must fail.

She also argues that her dismissal is based on the presumption that as an ex-felon she is unfit to retain her employment and that she must be afforded the opportunity to rebut this presumption and show her fitness, citing Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). However, cases such as *Stanley* and Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) are inapplicable to this fact situation as no blanket statutory exclusion is involved. Appellant was not dismissed because of an irrebuttable statutory presumption; she was merely dismissed by her immediate supervisor as he is permitted to do with or without cause under the Arizona statute—she served at his pleasure and he could dismiss her for any reason other than one which is constitutionally prohibited.

■ Therefore, while the Constitution does prohibit a government employee's termination for constitutionally impermissible reasons, it does not prohibit the Auditor General from dismissing her because she is an ex-felon. There was no constitutional violation by failing to give her an opportunity to be heard on the dismissal. The Au-

ditor General possessed the power under A.R.S. § 41–1279.02 to dismiss appellant at his will and his exercise of that power was constitutionally permissible. Cafeteria and Restaurant Workers Local 473 v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961).

Appellant additionally contends that A.R.S. § 41–1279.02 is void for vagueness as it constitutes an unconstitutional standardless delegation of power to the Auditor General in contravention of the precepts of due process. The rule of nondelegability is applicable to legislative powers only. Article 3, Arizona Constitution. As the power to appoint and dismiss personnel is not a legislative but rather an internal administrative function, the prohibition is inapplicable. *See,* State v. Arizona Mines Supply Co., 107 Ariz. 199, 484 P.2d 619 (1971).

The decision of the Superior Court is affirmed.

HAIRE, P. J., and EUBANK, J., concur.