548 P.2d 1151

James M. SMITH, Appellant,

v.

The PIMA COUNTY LAW ENFORCEMENT COUNCIL, Felix L. Goodwin, Thomas Meehan, Pat P. Lopez, Jr., William Schulmeyer, and Lloyd C. Vath, in their official capacity only, as members of the Pima County Law Enforcement Merit System Council, Appellees.

No. 12393–PR.

Supreme Court of Arizona,
In Banc.

April 27, 1976.

Rehearing Denied May 25, 1976.

Knez, Glatz & Crites, P.C. by Richard D. Crites, Tucson, for appellant.

Bruce E. Babbitt, Atty. Gen., Phoenix by Charles E. Buri, Asst. Atty. Gen., Tucson, for appellees.

CAMERON, Chief Justice.

This is a petition for review by defendant Pima County Law Enforcement Merit System Council (hereinafter "the council") of a decision of the Court of Appeals, Division Two, which reversed the ruling of the trial court holding that plaintiff James M. Smith was entitled to a hearing concerning his dismissal from employment.

We must answer three questions on appeal:

1. Was plaintiff Smith, at the time of his dismissal, a permanent employee of the Pima County Sheriff's Department so as to be entitled to a hearing on the grounds for his dismissal?

2. Assuming that plaintiff Smith did not attain permanent status, was he,

as a probationary but classified employee, entitled to a hearing under A.R.S. § 38–1003(6)?

3. Assuming that plaintiff has no statutory right to a hearing, is he nevertheless entitled to a hearing as a matter of procedural due process of law?

The facts necessary to our decision are as follows. Plaintiff James M. Smith was employed on 19 March 1973 as a Deputy Sheriff in the Pima County Sheriff's Department. On 8 March 1974, plaintiff was orally informed by the Chief Deputy Sheriff of Pima County that plaintiff's employment was terminated as of that date. On 18 March 1974, the Pima County Personnel Director received notification that plaintiff's service was unsatisfactory, and that plaintiff would be separated from his employment in the Sheriff's Department. Plaintiff received written notice of his termination in the form of a Personnel Action Form on 21 March 1974. The reasons for plaintiff's termination as specified in the Personnel Action Form were as follows:

"Failure to meet minimum requirements during probationary period. Per Pima County Sheriff's Policies 3.049 failure to promptly pay just debts. (Grants, property repossessed) 8.176 failure to gain approval from the Sheriff for outside employment. 3.075 B–7 Conduct unbecoming an Officer. (reference conduct at County Attorney Office when filing for criminal complaint) Per Pima County Policies 1–114 A, failure to pay just debts."

On 25 March 1974, plaintiff sent to the Council a notice of appeal and demand for a hearing concerning his dismissal. Thereafter, on 9 April 1974, there was held before the defendant Council a hearing on the issue of whether plaintiff was entitled to a full hearing regarding his dismissal. At the conclusion of the hearing, the council determined that plaintiff was a probationary employee at the time of his termi-

nation and, consequently, under the Council's rules, had no right to a hearing.

Plaintiff then filed a special action complaint in the Pima County Superior Court naming as defendants the Pima County Law Enforcement Merit System Council and the individual members thereof. The matter was submitted for trial upon a stipulated set of facts as well as the pleadings, the parties' memoranda, and the Pima County Law Enforcement Merit System rules.

The trial court, in an opinion and order filed on 18 September 1974, held that plaintiff had no statutory right to a hearing, specifically finding that A.R.S. § 38–1003(6) does not authorize an appeal from every order of dismissal, and that:

> "[t]he distinction in the council's rules between permanent and probationary employees, and the granting of appeal rights to permanent but not to probationary employees, is reasonable and valid."

The Court of Appeals reversed, holding that plaintiff, whether a permanent or probationary employee, had a statutory right to a hearing.

### HAD PLAINTIFF ATTAINED PERMANENT STATUS?

The Pima County Law Enforcement Merit System Rules provide in part as follows:

"ARTICLE VIII—PROBATIONARY PERIOD

"VIII–I DURATION AND PURPOSE

(a) The purpose of the probationary period is to allow the appointing authority an opportunity to evaluate the employee in the new assignment.

(b) The probationary period for the Service shall be one year duration and in no case may the basic probationary period be longer than one year.

"VIII–2 CONDITIONS PRELIMINARY TO PERMANENT STATUS

(a) The appointing authority shall evaluate a probationary employee and submit a report to the Director on a form prescribed by him at least fifteen days prior to the expiration of the employee's probationary period.

(b) If the appointing authority determines at any time during the probationary period that the services of a probationary employee are unsatisfactory, the employee may be separated upon written notice by the appointing authority. If at the end of the probationary period no notification is sent to the Personnel Director, permanent status will be achieved automatically."

Under the rules of the Pima County Law Enforcement Merit System, the determination not to retain the employee in permanent status and notification to the personnel director must be done within the one year period. This was done in the instant case. Smith had actual notice of his termination within the one year period and there was no prejudice to him because of the three day delay in receipt of written notification. Written notification to the employee within the one year period is preferable but is not mandatory under the rules as long as the employee is notified within a reasonable time of the decision.

We hold that Smith did not obtain permanent status and for that reason was not entitled to a hearing pursuant to merit system rules.

### DOES PLAINTIFF HAVE A STATUTORY RIGHT TO A HEARING?

A.R.S. § 38–1003(6) provides, in relevant part, as follows:

> "The [merit system] council, pursuant to recognized merit system principles of

public employment, shall from time to time:

\* \* \* \* \* \*

"6. Hear and review appeals from any order of the department head in connection with suspension, demotion, or dismissal of a classified law enforcement officer. \* \* \*"

The Pima County Law Enforcement Merit System Rules read in part as follows:

"X-1 MATTERS WHICH MAY BE APPEALED

"(a) An employee in the classified service who has attained permanent status may appeal:

(1) Within ten days of receipt of a written order from the Sheriff for dismissal, demotion or suspension.

(2) Within ten days after completion of the final step of the problem solving procedure. (PCPP 1-129)."

And:

"XI-2 MATTERS WHICH MAY NOT BE APPEALED

"The Council will not accept appeals

\* \* \* \* \* \*

"(c) From probationary employees except for alleged discrimination."

■■ As a general rule, statutory language which is clear and unambiguous requires no judicial interpretation. *Ross v. Industrial Commission,* 112 Ariz. 253, 540 P.2d 1234 (1975); *City of Mesa v. Killingsworth,* 96 Ariz. 290, 394 P.2d 410 (1964). And we have stated the approach to be taken in construing statutory language as follows:

"In the interpretation of a statute the Court should give it a sensible construction which will accomplish the legislative intent and purpose and, if possible, avoid an absurd conclusion or result. \* \* \*" *Arnold Const. Co., Inc. v. Arizona Board of Regents,* 109 Ariz. 495, 498, 512 P.2d 1229, 1232 (1973).

■ The Council must act according to A.R.S. § 38-1003 "pursuant to recognized merit system principles of public employment." The distinction between permanent and probationary employees embodied in Rule XI-2 is well recognized as a basic element of the merit system. cf. *School District No. 8, Pinal County v. Superior Court,* 102 Ariz. 478, 433 P.2d 28 (1967); *Rottenberg v. Cartwright School District No. 83,* 22 Ariz.App. 473, 528 P.2d 859 (1974); also cf. A.R.S. § 41-785(A). It is generally understood that a probationary term of employment is a trial period, and that unless specifically provided by statute or rule, a probationary employee has no right to a hearing in the event of that employee's dismissal prior to the expiration of the probationary term. Thus, it has been said:

"\* \* \* The probationary period is primarily for the purpose of affording the hiring authority an opportunity to test the ability of an employee on the job. \* \* \* Most civil service laws provide for the separation of the probationer from service without any hearing. \* \* \* We think the vital distinction between the status in a probationary period and in permanent employment is the very fact that during a probationary period one may be separated without a hearing." *State v. Ward,* 26 Wis.2d 345, 349-50, 132 N.W.2d 523, 525 (1965). cf. A.R.S. § 41-770.

■ In the instant case, we have no doubt that Smith was a classified law enforcement officer pursuant to statute, A.R.S. § 38-1003, but he was a *probationary* classified law enforcement officer pursuant to recognized and accepted merit system principles. We do not believe the legislature intended that a probationary classified law enforcement officer is entitled to a hearing. That right is reserved for permanent classified law enforcement officers.

In his brief Smith contends that if

"\* \* \* a probationary employee can be suspended, demoted or terminated

without any cause whatsoever, then the evils inherent in such an arbitrary situation will be present. The morale of the probationary employees will be atrocious since the probationary employees will never know whether they are going to be terminated or suspended * * *."

Although the appellant may overstate the result, we believe that is exactly what the statute and rules mean. Except for discrimination, as provided by Rule XI–2(c), a probationary employee may be terminated or his status not made permanent without cause. We find no violation of the statute in Smith's termination.

## DOES PLAINTIFF HAVE A DUE PROCESS RIGHT TO A HEARING?

The Sheriff's Office, in notifying the personnel director that Smith was not to be retained for permanent status, made certain allegations concerning Smith. The Personnel Action Form indicated that, in addition to not meeting minimum requirements, Smith did not pay his just debts, was guilty of conduct unbecoming an officer, and failed to follow regulations regarding outside employment.

■ In order to show that the refusal of defendants to grant plaintiff a hearing constituted a violation of his right to procedural due process, plaintiff must demonstrate initially that he was deprived of "liberty" or "property."

The Supreme Court has stated:

"The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For '[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.'

(citations omitted) In such a case, due process would accord an opportunity to refute the charge before University officials. (footnote omitted) * * *"
*Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 573–74, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548, 558 (1972). See also *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

The tests enunciated in *Roth,* supra, and *Sindermann,* supra, have been applied to public employees other than teachers. See *Simmonds v. Government Employees' Service Commission,* 375 F.Supp. 934 (D. V.I.1974).

The Eighth Circuit has stated:

"Under *Roth* and *Sindermann,* a state or public school teacher who is not formally tenured is entitled to procedural due process of law upon termination *only if* that termination deprives the teacher of an interest in liberty or an interest in property. Deprivation of an interest in liberty occurs where nonretention of the teacher imposes upon him a stigma or other disability foreclosing his future employment opportunities or resulting in significant damage to his standing and associations in the community. Adequate notice of the reasons for nonretention and an opportunity to rebut those charges are required under such circumstances. (citation omitted) * * *"
*Buhr v. Buffalo Public School District No. 38,* 509 F.2d 1196, 1199 (8th Cir. 1974).

■ The charges brought against plaintiff will undoubtedly have considerable negative influence upon any agency to which he might apply for a law enforcement position in the future, and we believe that Smith does have a right to a hearing to clear his good name, even though, as we have already indicated, he is not entitled to retention and permanent status in his old job. *Roth,* supra.

Opinion of the Court of Appeals vacated; judgment of the trial court reversed;

and the matter is remanded for further proceedings consistent with this opinion.

HAYS, HOLOHAN and GORDON, JJ., concur.

STRUCKMEYER, Vice Chief Justice (dissenting):

The decision of the Supreme Court of the United States in *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S. Ct. 2701, 33 L.Ed.2d 548 (1972), makes it perfectly clear that Smith did not have a constitutional right to a hearing before The Pima County Law Enforcement Merit System Council in connection with the decision to terminate his employment with the Pima County Sheriff's Office. The Fourteenth Amendment to the Constitution of the United States only prevents a state from depriving a person of liberty or property without due process of law. Smith did not have tenure or other claim to the position he held which would qualify as a property interest; nor was there an impairment of his liberty, since he was not accused of dishonesty or immorality. Smith's non-retention for the reasons specified in the Personnel Action Form might make him somewhat less attractive to another employer, but that hardly establishes the kind of foreclosure of opportunity amounting to a deprivation of liberty. *See* footnote 13, *Board of Regents of State Colleges v. Roth,* supra, 408 U.S. at 574, 92 S.Ct. at 2707–2708, 33 L.Ed.2d at 559.

A public employee in Smith's situation is not entitled by statute to a hearing before the merit system council for law enforcement officers just to clear his good name, A.R.S. § 38–1003, et seq., and there is no law of general application which would entitle him to a hearing for that purpose. If the reasons specified on the Personnel Action Form are false, then it is possible Smith may have some redress through another kind of legal action. But the Legislature has not provided him with the right to argue the reasons for his discharge before The Pima County Law Enforcement Merit System Council, nor has it required the members of that board to decide who has the best of the argument, nor has the Superior Court if Smith is dissatisfied with the council's decision.

For the foregoing reasons, I dissent to the holding that Smith has a right to a hearing to clear his "good name" even though he is not entitled to retention as a deputy sheriff.