No. 83-310

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

BRIDGER EDUCATION ASSOCIATION,

Plaintiff and Appellant,

-vs-

BOARD OF TRUSTEES, CARBON COUNTY
SCHOOL DISTRICT #2,

Defendant and Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable Charles B. Sande, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hilley and Loring; Emilie Loring argued, Great Falls,
Montana

For Respondent:

Smith Law Firm; Chadwick Smith argued, Helena, Montana

For Amicus Curiae:

Richard P. Bartos argued for Office of Public Instruc-
tion, Helena, Montana
Charles Erdmann argued for Montana School Boards Assoc.,
Helena, Montana

---

Submitted: January 12, 1984

Decided: March 29, 1984

Filed:

MAR 29 1984

*Ethel M. Harrison*
————————————————
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the opinion of the Court.

Bridger Education Association (Bridger) appeals a judgment entered by the Thirteenth Judicial District, County of Carbon, which held that nontenured teachers need not be given a reason for termination other than that the school district wanted to find a better teacher. We reverse.

Bridger is the recognized exclusive representative of teachers employed by Board of Trustees, Carbon County School District #2 (School District). In the spring of 1982, one of the teachers, James Brogan, received a timely notice of termination. He asked for the reasons underlying termination as provided for in section 20-4-206(3), MCA. The School District replied that it believed it "could find a better teacher." Bridger processed the matter through the grievance procedure established in the collective bargaining agreement, without resolution. The final step of the grievance procedure provides, "if the decision is not satisfactory to the teacher, he will reserve his right to appeal the decision to a court of appropriate jurisdiction." The District Court heard the matter pursuant to the contractual provision. The District Court found the statement "to find a better teacher" was in compliance with section 20-4-206(3) and dismissed the complaint with prejudice. This appeal followed.

The sole issue presented on appeal is whether the statement given by the School District that it believed it could "find a better teacher" is in compliance with the requirement of section 20-4-206(3) that the trustees of the School District furnished a written statement "of the reasons for termination of employment" of a nontenured teacher.

Until 1973, Montana law contained no procedural protections for nontenured teachers. In 1973 the Legislature provided nontenured teachers with a requirement that they be

2

notified of termination by April 1 of the year of nonrenewal. Section 1, Chapter 324, L.1973. In 1975 the statute was amended twice, changing April 1 to April 15 and adding the section which is now codified as section 20-4-206(3).

In 1976 Flathead County School District #44 terminated a nontenured teacher, giving as the only reason that the Board of Trustees "could obtain a better teacher." The nontenured terminated teacher then appealed to the Superintendent of Public Instruction who found that the reason was insufficient. The Superintendent filed a written opinion which said in part:

> "The evident purpose of the amendment of the section by Chapter 142, Laws of 1975, was to provide nontenured teachers with some indication of the reason or basis for the Board's decision to terminate. There are numerous possible reasons for such a decision; e.g., decline in enrollment, budgetary structures, program changes or deficiencies in the teacher's performance.
>
> "The reason given by the board of trustees does imply that Ms. Keosaian is 'worse' than some other hypothetical teacher that the board could hire. In all fairness, it appears that the board could indicate in a general manner those areas where it felt Ms. Keosaian's performance was less than it would expect from another teacher. In doing so, it would cause no reflection on her either personally or professionally. In the Matter of the Appeal of Evelyn J. Keosaian, Superintendent of Public Instructions' decision, June 4, 1976."

The Keosaian case did not reach the Montana Supreme Court. However, we feel that the Superintendent's conclusion in that case was a proper one.

The Legislature must have intended to grant something of meaning when the requirement for stating reasons, upon request, was written into the statute. The specified reason "to find a better teacher" serves no useful purpose.

Some public policy must have moved the Legislature to grant this additional protection for nontenured teachers. If teachers are to improve, thereby elevating the teaching profession and the education of Montana youngsters, they

should be entitled to know about their deficiencies. Knowing the reasons will assist the teacher to improve his or her professional competence.

In School District #8, Pinal County v. Superior Court, 102 Ariz. 478, 433 P.2d 29 (1967), the Arizona Supreme Court said:

> "Since the Legislature did not require 'good cause' for the termination of a contract of a probationary teacher, the purpose of a statement of reasons is simply to point out the teacher's inadequacies in order that she may correct them in the event of subsequent employment. . . . [T]he language of a notice is sufficient if it simply states undesirable qualities which merit a refusal to enter into a further contract."

We go no further in this decision than the rule stated above. The nontenured teacher is entitled to a notice which states what undesirable qualities merit a refusal to enter into a further contract.

The judgment of the District Court is reversed.

Justice

We concur:

Chief Justice

Justices

4

Mr. Justice L.C. Gulbrandson dissenting.

I respectfully dissent.

The Federal District Court in Cookson v. Lewistown School District No. 1 (D. Mont. 1972), 351 F.Supp. 983, stated at page 984:

> "It is quite clear that Montana has adopted an employment policy with respect to teachers which frees a school board from any tenure problems during the first three years of a teacher's employment. These three years are the testing years during which not only may the teacher's merits be weighed but the school's need for a particular teacher assessed. It may be, and perhaps this reasoning underlies the Montana policy, that in the interests of creating a superior teaching staff a school board should be free during a testing period to let a teacher's contract expire without a hearing, without any cause personal to the teacher, <u>and for no reason other than that the board rightly or wrongly believes that ultimately it may be able to hire a better teacher</u>." (Emph. added.)

Thereafter, the Montana legislature enacted Section 20-4-206(3), MCA, which requires that a non-tenured teacher, upon request, be furnished with the reason for the teacher's non-renewal.

In 1977, the legislature rejected House Bill 443 which proposed to amend the statute to require that non-tenured teachers be provided with <u>specific</u> reasons for non-renewal of their teaching contracts. At that time, Section 20-4-204, MCA, relating to dismissal of <u>tenure</u> teachers, required, upon request, "a written statement declaring <u>clearly and explicitly the specific reason or reasons for the termination</u>." (Emphasis supplied.)

The three subsequent sessions of the legislature did not enlarge the notice requirement, and I do not believe

-5-

that this Court should do so by judicial opinion.

In my view, the reason given was sufficient under Section 20-4-206(3), MCA and I would therefore affirm.

_S. C. Gulbrandson_ .
Justice


I join in the foregoing dissent of Mr. Justice L.C. Gulbrandson.

_John Conway Harrison_
Justice