No. 89-07

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

ROSE KELLER,

        Plaintiff and Respondent,

  -vs-

SCHOOL DISTRICT NO. 5 and its
BOARD OF TRUSTEES, ED ARGENBRIGHT,
Superintendent of Public Instruction,
Office of Public Instruction, State of
Montana,

        Defendants and Appellants.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Loren Tucker, County Attorney, Virginia City, Montana
        Beda Lovitt, Office of Public Instruction, Helena,
        Montana

    For Respondent:

        J. C. Weingartner, Helena, Montana

Submitted on Briefs: April 27, 1989

Decided: June 6, 1989

Filed:

_____
                Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Rose Keller, petitioner, was informed by the Sheridan School District, that her teaching contract was not to be renewed. Petitioner appealed to the County Superintendent of Public Instruction who upheld the decision of the School Board, stating that petitioner had not filed timely for an appeal. The State Superintendent affirmed the school board's decision, but the District Court reversed the Deputy County Superintendent's decision, finding that Keller's appeal was timely and that she had followed the applicable statute properly in questioning her dismissal. Sheridan School District appeals the District Court's decision. We reverse.

The issues brought forth by appellant are:

1. Whether an appeal by the nontenured teacher was filed timely with the county superintendent, subsequent to her termination.

2. Whether petitioner is entitled to reasons for the nonrenewal of her contract.

On April 14, 1987, petitioner was informed in writing that her teaching contract with Sheridan Public School District No. 5 was not being renewed for the 1987-88 school year. The letter informing her of nonrenewal gave no reasons for the termination of her contract. However, the minutes from the school board meeting reflected that the reason all nontenured teachers (of which Keller was one) had not been rehired was financial. Allegedly, all of the nontenured teachers were released in anticipation that the upcoming mill levy would not pass.

Respondent argues in her brief that the mill levy for the school district did pass in June 1987 and the board of trustees considered a motion to rehire all of the nontenured

teachers, but the motion failed. The record discloses that a motion to rehire all of the nontenured teachers, with the exception of Rose Keller, was passed subsequently.

Following the April 14 nonrenewal letter, petitioner did not request reasons for her nonrenewal as permitted by § 20-4-206(3), MCA (1985). She allegedly relied on the school board minutes which stated that the nontenured teachers were being released "due to financial conditions of the district at this time."

Petitioner appealed her termination with the County Superintendent on July 21, 1987. The appeal was dismissed on motion of the school district, for Keller's failure to appeal within the thirty days required by 10.6.103(5), ARM. The State Superintendent of Public Instruction, Ed Argenbright, affirmed the decision of the Deputy County Superintendent.

The school district appealed to the District Court and on November 3, 1988, the court reversed the decision of the Deputy County Superintendent of Schools, stating that Keller had appealed in a timely fashion and was entitled to be given reasons for the nonrenewal of her contract.

The first issue is whether the appeal by petitioner with the County Superintendent of Public Instruction was timely subsequent to her termination. We will address issue two in conjunction with issue one as they are closely related in the appeal process. Issue two is whether the teacher is entitled to reasons for her termination.

Upon the termination of a teaching contract, a nontenured teacher has the option of requesting the reasons for the nonrenewal release under § 20-4-206(3), MCA (1985).

> 20-4-206. Notification of nontenure teacher reelection -- acceptance -- termination and statement of reason. (1) The trustees shall provide <u>written notice by April 15 to all nontenure</u>

3

teachers who have been reelected. Any nontenure teacher who does not receive notice of reelection or termination shall be automatically reelected for the ensuing school fiscal year. (Emphasis added). . . .

(3) When the trustees notify a nontenure teacher of termination, the teacher may within 10 days after receipt of such notice make written request of the trustees for a statement in writing of the reasons for termination of employment. Within 10 days after receipt of the request, the trustees shall furnish such statement to the teacher.

"The nontenured teacher is entitled to a notice which states what undesirable qualities merit a refusal to enter into a further contract." Bridger Education Association v. Board of Trustees, Carbon County School District No. 2 (1984), 209 Mont. 31, 34, 678 P.2d 659, 660. The request, in writing, must be made within ten days. A nontenured teacher also has the right to appeal the decision of the board of trustees, pursuant to 10.6.103(5), ARM, within thirty days of receiving notice of her nonrenewal. An exception to § 20-4-206(3), MCA, is subsection (4) of the same statute which states:

The provisions of this section shall not apply to cases in which a nontenure teacher is terminated when the financial condition of the school district requires a reduction in the number of teachers employed and the reason for the termination is to reduce the number of teachers employed.

Section 20-4-206(4), MCA.

Petitioner did not request the reasons for termination of her contract within ten days, nor did she appeal the

4

board's decision to not renew the contract within thirty days. 10.6.103(5), ARM.

Teacher claims that there are special circumstances involved here which did not require her to take action. According to the board of trustees' minutes, the nontenured teachers were being released because "financial conditions" required the reductions. It is clear that if the board of trustees are to meet the § 20-4-206, MCA, statutory requirement of informing teachers of their renewal or termination, they must do so before April 15 (May 1, as of the 1987 Montana Legislature, § 20-4-206(3), MCA) of the current school year. Section 20-4-206(1), MCA. Therefore, if the mill levy vote does not take place until after April 15, then it is apparent that the school board may release all of the nontenured teachers until the board knows whether it will have the funds to rehire the nontenured teachers.

Because petitioner relied on the alleged financial condition grounds for the cancellation of her contract, she saw no necessity in requesting reasons for her termination, pursuant to § 20-4-206(3) or filing notice of appeal according to 10.6.103, ARM. Only after Keller was the only nontenured teacher not to be rehired did she appeal her termination. Allegedly, by this time, the reasons of the board had changed and, therefore, § 20-4-206(4), "financial conditions," was no longer applicable. While Rose Keller waited to be rehired after the mill levy vote, her chance for appeal passed.

The statute requires a two-step process. First, if a teacher is not going to be rehired for the subsequent year, the board of trustees is required to give written notice to the nontenured teacher. Section 20-4-206(1), MCA. Second, the nontenured teacher has the right to request the reasons for her termination, but must make written request within ten

5

days. Section 20-4-206(3), MCA. The letter received by Keller on April 14, informed her that she was not being rehired. Keller did not request reasons for her termination within the required ten days. The statute gives a nontenured teacher the opportunity to find out upon what grounds termination is based. Even in those cases where "financial conditions" is the alleged reason for termination, nontenured teachers cannot assume this is the reason for termination unless they request and receive from the district trustees written confirmation of the reasons for termination.

Having failed to comply with the requirement of § 20-4-206(3), MCA, Keller is not entitled to reasons for her termination. We hold that the decision of the District Court must be reversed and the findings of the Deputy County Superintendent reinstated.

Reversed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

6

Mr. Justice William E. Hunt, Sr., dissenting:

I dissent. The Madison County Deputy Superintendent of Schools and the State Superintendent of Public Instruction both found that the Sheridan Public School Board of Trustees terminated four nontenured teachers, including appellant Rose Keller, due to the financial condition of the school district. Keller justifiably relied on this reason for her termination and did not request further justification. In fact, under § 20-4-206(4), MCA, the trustees were not required to give her reasons for her termination if the financial condition of the school district was indeed the reason for her nonrenewal. The majority, however, holds that, because Keller did not request a statement of reason within 10 days after notification of termination, she lost all rights of appeal. Under this reasoning, whenever a board of trustees decides not to renew contracts due to the financial condition of the school district, in order to protect appeal rights, all nontenured teachers must request a statement of reasons--just in case the trustees did not mean what they said when they adopted the resolution. If a teacher cannot rely on the resolution of a school board, what can she rely on?

I would affirm the District Court.

                                          _William E. Hunt_
                                          Justice

-7-