No. 88-513

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

ROGER THOMPSON,

              Plaintiff and Appellant,

       -vs-

BOARD OF TRUSTEES OF SCHOOL DISTRICT NO. 2,
YELLOWSTONE COUNTY, MONTANA, said board
consisting of the following; MAURICE R.
COLBERG, JR.; FRANK J. KOLENDICH; HEWES D.
AGNEW; ELLEN ALWEIS; KAREN TRASK DOOLEN; JIM
LOGAN, DOUGLAS B. SIPES; and MIKE YOUNG,

              Defendants and Respondents.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Charles F. Moses; Moses Law Firm, Billings, Montana

       For Respondent:

              Laurence R. Martin and Sol Lovan; Felt & Martin,
              Billings, Montana

                              Submitted on Briefs:  April 27, 1989

                              Decided:   June 7, 1989

Filed:

                              _____
                                         Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This suit arises out of the nonrenewal of plaintiff's teaching contract with School District No. 2 in Billings, Montana. Plaintiff appealed the Board of Trustees' decision to terminate his employment and the reasons given for nonrenewal therein to the District Court for the Thirteenth Judicial District, Yellowstone County. The District Court granted summary judgment in favor of the School District on plaintiff's claims for tort liability, punitive damages, violation of due process, and breach of the implied covenant of good faith and fair dealing. The court granted the plaintiff's cross-motion for summary judgment based on the insufficiency of the reason given for nonrenewal. The court remanded the case back to the School District for a more sufficient statement of reasons. On appeal, the plaintiff challenges the adequacy of the District Court's remedy, alleging that there has been a breach of the employment contract and that he is entitled to monetary damages. Based on our holding that the plaintiff is not entitled to pursue this remedy, we affirm the District Court's granting of summary judgment in favor of the School District and vacate the Order of remand.

We reframe the issues as follows:

Where a nontenure teacher has received notice of termination under § 20-4-206, MCA 1985, and challenges the sufficiency of the reasons given for termination, to what extent has the teacher the following remedies:

(1) Remedies under the grievance procedure of the Professional Agreement or union contract between the School Board and the Teacher's Association.

(2) The right of appeal under the nontenure teacher's severance policy contained in the union contract providing

for appeal of the notification to the School Board; and subsequent rights to appeal to the County Superintendent of School, and then to the State Superintendent, and finally to the court system under the Montana Administrative Procedure Act.

(3) Right to proceed in District Court seeking a recovery of damages suffered as a claimed result of the insufficiency of the notice of termination given to the teacher by the school district.

Section 20-4-206, MCA 1985, with regard to nontenure teacher notification, provides in pertinent part as follows:

> Notification of nontenure teacher reelection -- acceptance -- termination and statement of reasons. (1) The trustees shall provide written notice by April 15 to all nontenure teachers who have been reelected. Any nontenure teacher who does not receive notice of reelection or termination shall be automatically reelected for the ensuing school fiscal year.
>
> (2) . . .
>
> (3) When the trustees notify a nontenure teacher of termination, the teacher may within 10 days after receipt of such notice make written request of the trustees for a statement in writing of the reasons for termination of employment. Within 10 days after receipt of the request, the trustees shall furnish such statement to the teacher.
>
> . . .

The pertinent portion of the Professional Agreement, or union contract, between the Board of Trustees of School District No. 2 and the Billings Education Association are as follows:

> Article IV, <u>Section 7.</u> <u>Non-Tenure Teacher Severance Policy</u>:

3

<u>Subd. 1.</u> Every non-tenured teacher shall be entitled to the following rights if his/her contract is not being renewed.

(a) The teacher shall be notified by the Superintendent, in writing, that his or her contract will not be renewed pursuant to Montana statutes.

(b) The notice shall state the specific reasons for non-renewal.

(c) The teacher may appeal his/her non-renewal to the Board of Trustees or a committee thereof, by May 1. The Board, or its committee, shall reach a decision within twenty (20) days of the submittal of the appeal.

<u>Subd. 2.</u> The decision of the Board, or its committee, shall not be subject to the grievance procedure as outlined in Article XII.

Article XII,

<u>Section 4. Adjustment of Grievance, Time Limitation and Waiver</u>:
The parties shall attempt to adjust all grievances which may arise during the course of employment of any teacher within the School District in the following manner: If a grievant believes there has been a grievance, he/she shall discuss the matter with the responsible administrator in an attempt to arrive at a satisfactory solution. If the grievance is not resolved as a result of this meeting, the grievance shall be reduced to writing, setting forth the facts and the specific provisions of the Agreement allegedly violated, and the particular relief sought. An alleged grievance must be presented in writing within twenty (20) days of the occurrence of the event, or within twenty (20) days of the time that the grievant through the use of diligence should have known of the alleged grievance.

<u>Subd. 1.</u> <u>Level I</u>: The written grievance, signed by the grievant involved must be presented to the responsible administrator within the time limits provided in Section 4. The

4

> responsible administrator shall meet with the grievant within seven (7) days after receipt of the written grievance and give a written answer to the grievance within five (5) days of the meeting. The Grievant has five (5) days in which to either accept the answer or appeal it in writing to the next level.
>
> Subd. 2. Level II: If the grievance has not been resolved in Level I, it may then be processed to Level II by presenting the written grievance to the Superintendent. The Superintendent or his designee shall meet within ten (10) days after receipt of the written appeal to discuss the problem with the grievant. Within seven (7) days of the meeting the Superintendent or his designee shall submit his written answer to the grievant.
>
> Subd. 3 Level III: If the grievance remains unresolved at the conclusion of Level II, it may be submitted for binding arbitration at the discretion of the Association provided written notice of the request for submission to arbitration is delivered to the Superintendent's Office within ten (10) days after the date of receipt of the decision at level II.

The case has a complex procedural history which unfortunately extends over a period starting in 1983. Mr. Thompson was employed by School District No. 2 as the choir director at Billings West High School. He served in that capacity for three years, each year being offered a one-year contract. In March, 1983, the Board of Trustees voted not to renew Mr. Thompson's contract for the 1983-84 school year. That contract would have granted him tenure rights.

Mr. Thompson was notified of the Board's decision by letter dated March 30, 1983 which said:

> In accordance with Section 20-4-206, of the School Laws of Montana, Annotated, (copy attached), you are provided notice of termination of your contract with School District No. 2, at the close of the 1982-83 school year.

5

In keeping with the philosophy of School District No. 2 of retaining only the best teachers for tenure, School District No. 2 would be better served by another teacher in this position.

On March 31, 1983, Mr. Thompson responded by letter which stated:

In accordance with Section 20-4-206, MCA, I am requesting the reason or reasons for the board's decision to terminate my employment with the district.

Also, in consideration with the board's statement at the March 29, 1983 meeting, I am requesting a hearing before the board to address this matter.

In response to the foregoing letter, the Board sent a letter to Mr. Thompson dated April 6, 1983, which stated:

This responds to your letter of March 31, 1983. You have already been notified of the termination of your contract with School District No. 2, by letter from Dr. Poore, dated March 30, 1983. This letter included the reasons for the termination of your employment.

Pursuant to your request, you may appeal your nonrenewal to the Board of Trustees at the Board meeting to be held at 4:00 p.m., Monday, April 11, 1983, at the Administration Building. This appeal is granted you under the provisions of Article IV, Section 7, of the Professional Agreement between the Board of Trustees and the Billings Education Association.

On April 11, 1983, Mr. Thompson and his counsel appeared before the Board of Trustees. Mr. Thompson's counsel presented argument but was not allowed to call any witnesses. The Board characterized the proceeding as an "appeal" rather than a "hearing" and therefore did not allow the presentation of witness testimony. Following the presentation by Mr. Thompson's counsel, the Board voted to affirm its prior decision not to renew Mr. Thompson's contract.

In a letter dated April 11, 1983, addressed to Mr. Thompson, he was advised as follows:

You have been afforded an appeal of the termination of your employment with School District No. 2 at the close of the 1982/83 school year, pursuant to Article IV, Section 7 of the Professional Agreement between the Board of Trustees of School District No. 2, and the Billings Education Association.

This is to notify you of the Board's decision, denying your appeal, and affirming the prior decision of the Board of Trustees, to terminate your contract and employment with School District No. 2, at the close of the 1982/83 school year.

The Board did not advise Mr. Thompson orally or by the above letter of any additional reasons in support of the nonrenewal.

By notice dated April 19, 1985, Mr. Thompson appealed to the County Superintendent of Schools. By order denying appeal dated April 28, 1983, the County Superintendent concluded that the appeal had failed to meet the requirements set forth in the Administrative Rules of Montana in failing to set forth a proper caption, names and addresses, clear and concise statement of the matters asserted, a statement indicating that the petitioner has a contested case and that the County Superintendent has proper jurisdiction together with references to the particular sections of the statutes and rules involved. The County Superintendent concluded that he did not consider this a contested case and that he lacked jurisdiction. No appeal was taken by Mr. Thompson from that order. As a result, there was no further attempt to follow the procedure outlined in such cases as Throssell v. Board of Trustees of Gallatin County (Mont. 1988), 757 P.2d 348, 45 St.Rep. 1228, and Yanzick v. School District No. 23, Lake County (1982), 196 Mont. 375, 641 P.2d 431. This was the extent of the appeal procedure exercised under the

7

administrative law approach as outlined in the above cited cases.

In addition to proceeding under the appellate approach as previously described, Mr. Thompson also proceeded under the grievance provisions of the union contract, and in particular Article XII, Section 4 which is previously set forth. On April 5, 1983, Mr. Thompson filed a grievance with the School District under the provisions of Article XII, Section 4 of the union contract. The grievance was made on the regular Grievance Report form used by the Billings School District and was signed by the Billings Education Association representative. The key portions of that form stated:

Date grievance occurred: March 29, 1983

Statement of facts: Teacher was terminated on March 29, 1983.

Inaccurate evaluations are a factor in this termination.

Specific Provisions of Agreement Allegedly Violated: Article XV - Sections 1, 2, 5, 6
Particular Relief Sought: Evaluation dated March 1, 1983, is to be removed from his file and grievant is to be offered a contract for the 1983-84 school year.

In support of the School District's motion for summary judgment, the uncontradicted affidavit of the Director of Personnel of the School District established that the grievance was denied through Level I and II administrative hearings. As previously set forth, those levels provide at Level I for the presentation of the grievance to the responsible administrator who is required to meet with the grievant, and denied the written grievance. At Level II, the grievance was presented to the Superintendent, and such Superintendent also denied the grievance. The next choice under the contract for Mr.

8

Thompson was to submit that grievance for binding arbitration at Level III. The affidavit establishes that the Billings Education Association, Mr. Thompson's representative, dropped its attempts to move the grievance to binding arbitration. As a result, the record establishes that Mr. Thompson failed to proceed through to binding arbitration and thereby obtain a final binding arbitration determination of his grievance.

In considering the grievance requirements under the union contract, it is important to keep in mind that Mr. Thompson's grievance as stated in the Report Form was limited to his argument that the evaluation dated March 1, 1983, was inaccurate and should be removed from the file and that he should be offered a contract for the next school year. At that point, Mr. Thompson made no suggestion that the reasons given in the notice of nonrenewal were insufficient. This is significant because he now urges that the insufficiency of such notice should be a proper basis for the award of damages in the District Court action which was brought against the School District.

The next procedural aspect is the filing of the complaint by Mr. Thompson against the School District. On June 16, 1983, after all the above-described procedures were followed, Mr. Thompson filed his complaint in the District Court of Yellowstone County. In that complaint he alleged that the defendants had negligently, wrongfully and unlawfully terminated his employment and that the School Board did not provide standards or guidelines for termination, that his termination was prejudged, that the District violated the open meeting law, that such termination did not represent the independent and informed judgment of each member, and that the notice was defective "in that it did not set forth the specific reasons for his termination as required by law." The complaint claimed damages by being deprived of employment

9

and terminated without right. After the filing of various pleadings, a motion for partial summary judgment was filed by the plaintiff and the defendant also filed motions for summary judgment. By order dated March 31, 1988, the District Court granted summary judgment to both the plaintiff and the defendant. In granting the motion of the plaintiff Thompson for summary judgment as to the sufficiency of the notice, the Order stated:

> 2. That the Plaintiff's Cross-Motion for Summary Judgment on the alleged insufficiency of the statutory notice requirements is hereby GRANTED. This issue is REMANDED to the school board of the Billings High School District No. 2, Yellowstone County, Montana, and said school board is directed to provide the Plaintiff with specific reasons for non-renewal of his contract within thirty days of the date hereof. The Court recognizes that this cause arose over five years ago and that the school board may no longer be able to provide the Plaintiff with specific reasons for non-renewal due to changes of members on the school board, and changes of personnel, lost or misplaced records and the like. If the board is unable to comply with the Court's Order due to such reasons, it may certify such fact to the Court within the time herein before provided and serve a copy of such certification to counsel for the Plaintiff. On the other hand, if the board is able to comply by providing Plaintiff with specific reasons for non-renewal and certification of such compliance is made together with proof of service of such certification on counsel for Plaintiff, then judgment may be entered accordingly.

The Order of the District Court also granted the defendants' motion for summary judgment in the following respects: regarding the nonapplicability of the Montana Open Meeting law; regarding the defendants' claim that the individually named Trustees are immune from liability; as to plaintiff's claim for imposition of punitive damages as to both the School District and the Trustees; defendants' motion regarding the

10

failure to state a claim for breach of the covenant of good faith and fair dealing; and defendants' motion for the failure to state a claim for wrongful discharge.

The effect of the foregoing Order on summary judgment was to remand to the School District in order to provide Mr. Thompson with notice of reasons which met the requirement of Bridger Education Association v. Board of Trustees, Carbon County (1984), 209 Mont. 31, 678 P.2d 659. Mr. Thompson challenged the adequacy of the remedy by motion to alter or amend which the District Court denied. In his appeal Mr. Thompson contends that the School District was obligated to furnish specific reasons for termination, that he was not afforded a meaningful appeal or a hearing, that there has been a breach of contract and that he is entitled to damages. The key element is that Mr. Thompson contends he is entitled to damages which have effectively been denied him by the summary judgment of the District Court and the above-described remand.

I.

### REMEDIES UNDER GRIEVANCE PROCEDURE
### OF UNION CONTRACT

In his Grievance Report Mr. Thompson referred to his termination on March 29, 1983. He then claimed that inaccurate evaluations were a factor in that determination and asked that the evaluation dated March 1, 1983, be removed from his file. His own Grievance Report contradicts the basic assertion in the complaint filed in the District Court where he complains that the notice was insufficient.

We conclude that the grievance procedure under the union contract is the binding method of disposing of the issues raised under the grievance procedure. We therefore conclude that Mr. Thompson could not have proceeded into District

11

Court on the same issues raised in the grievance procedure. Under the agreement negotiated by the Billings Education Association with the School District, the final decision in the grievance process is a binding arbitration. Because Mr. Thompson chose not to proceed to binding arbitration, that terminated any further rights with regard to the claimed grievance.

As we review Article IV, Section 7 of the union contract, we conclude that the issue of the sufficiency of the notice of termination properly could have been included in the Grievance Report form and handled through the grievance procedure. Had he properly proceeded in that manner, his right to receive a specific statement of reason for nonrenewal would have been satisfied through the grievance procedure.

In this instance he chose not to proceed to arbitration as he apparently concluded that he preferred to make a claim for damages in District Court. We hold that the proper method for obtaining a statement of specific reasons for nonrenewal by Mr. Thompson was set forth in the grievance provisions of the union contract. We further hold that by failing to follow these contract provisions, Mr. Thompson has lost his right to obtain specific reasons for nonrenewal. We therefore conclude that that the District Court improperly remanded to the School District.

II.

RIGHT OF APPEAL UNDER CONTRACT

SEVERANCE POLICY

In his complaint in District Court Mr. Thompson argues that the notice did not contain specific reasons for nonrenewal. In making these contentions he overlooks the procedure which he previously followed. We pointed out that

Mr. Thompson appealed his nonrenewal to the Board of Trustees of the School District. Pursuant to the contract, he was given an appellate hearing and the decision by the School Board was affirmed. At that point Mr. Thompson appealed to the County Superintendent of Schools. As previously described, the County Superintendent declined to rule on his appeal. Under the administrative procedure outlined in Throssell and Yanzick, Mr. Thompson was required to appeal to the State Superintendent and in the event of an adverse ruling, only then did he have the right to proceed in District Court, following the procedure under the Administrative Procedure Act. As a result, his remedies would have been limited to recovery appropriate under the union contract and the Act.

We hold that by failing to follow the administrative procedure outlined in the mentioned two cases, Mr. Thompson gave up his right to a final determination under the administrative procedure required in Montana. We therefore conclude that he no longer had a claim for nonrenewal of his contract.

## III.
## DISTRICT COURT CLAIM OF DAMAGES

Mr. Thompson argues extensively that he has a right to recover all damages which he has suffered in all of these proceedings, including references to the idea of reinstatement, and most important, to monetary damages. As Mr. Thompson summarized in his own brief, he claims he is entitled to damages for the breach by the School District of his contract. We conclude that he does not have such a right under the facts of this case.

As previously outlined, Mr. Thompson had the opportunity of grieving the sufficiency of the notice itself under the grievance procedures. He chose not to go to binding

13

arbitration. As a result, he no longer had a right to contend in the District Court action that the notice itself was insufficient. In a similar way, if Mr. Thompson believed that he properly should have been retained as a nontenure teacher, the procedure to be followed was that previously outlined under Part II of this opinion. As he failed to follow the appropriate administrative procedure, he is barred from making the same contentions in the present proceedings before the District Court.

We therefore hold that there were no further remedies available to Mr. Thompson under the complaint which he filed in the District Court; and conclude that the District Court properly granted summary judgment on the various theories requested by the School District.

We vacate the remand by the District Court to the School District as there is no requirement for such further consideration by the School District under the union contract. With that exception we affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy did not participate in this decision.

14