No. 89-552

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CAROLYN BIRGENHEIER,
        Petitioner and Respondent,

-v-

TRUSTEES, YELLOWSTONE COUNTY SCHOOL
DISTRICT NO. 2, and ED ARGENBRIGHT,
Superintendent of Public Instruction,
        Respondents and Appellants.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Thomas Honzel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Laurence R. Martin and Sol Lovas, Billings Montana
                Beda Lovitt, Chief Legal Counsel, Office of Public
                        Instruction, Helena, Montana

        For Respondent:

                Emilie Loring, Missoula Montana

        Amicus Attorneys:

                Catherine Swift, Montana School Boards Assn.,
                Helena, Montana


                        Submitted on Briefs:   March 16, 1990

                                Decided:  May 15, 1990

Filed:

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff, a nontenure teacher, filed this action requesting reinstatement, after her temporary, one-year contract was not renewed. The District Court of the First Judicial District, Lewis and Clark County, ruled that the School District's notice of non-renewal did not properly comply with §20-4-206, MCA, and remanded the matter to the School District for the District to provide plaintiff with a statement of reasons for her termination. The School District appeals. We affirm.

We restate the issues for consideration as follows:

1. Did the School District follow adequate procedure in terminating the nontenure teacher?

2. Even though plaintiff had been terminated, was she entitled to a further statement of reasons under §20-4-206, MCA?

On August 22, 1985, plaintiff, Carolyn Birgenheier, signed an "Acknowledgement of Temporary Appointment" with School District No. 2, Yellowstone County, Montana (School District), which stated:

> This will acknowledge my understanding that my appointment by the Billings Public Schools is temporary, and that I cannot presume reappointment. The term of this temporary appointment is from August 26, 1985 until June 7, 1986.

On September 10, 1985, she signed a one-year "Teacher's Contract" with the School District as an elementary music teacher. That contract stated in pertinent part:

> 1. That the teacher is hereby employed to teach, as and where assigned, in the schools of District for and during the school year beginning on or about 08/26/85 and terminating on or about 06/7/86.

2

In April 1986, plaintiff received a letter from Billings Public Schools which stated:

> Thank you for your service to Billings Public Schools during this school term. As you are aware, you were hired under a one-year contract for the 1985-86 school year. Please be notified that your contract will have reached its term by the end of the current school year, and will not be renewed by the Board of Trustees.
>
> As we advertise to fill the position you now hold, we hope that you will feel free to make application for it. Thank you again for your year of service. We hope you have enjoyed your time with us.

The "Master Agreement", the contract between the teachers and the School District, provided as follows with regard to nontenure teacher termination:

Section 7        Non-Tenure Teacher Severance Policy:

> Subd. 1.  Every non-tenured teacher shall be entitled to the following rights if his/her contract is not being renewed.
>
> (a)  The teacher shall be notified by the Superintendent, in writing, that his or her contract will not be renewed pursuant to Montana statutes.
> (b)  The notice shall state the specific reasons for non-renewal.
> (c)  The teacher may appeal his/her non-renewal to the Board of Trustees or a committee thereof, by May 1. The Board, or its committee, shall reach a decision within twenty (20) days of the submittal of the appeal.

Plaintiff gave her notice of non-renewal appeal to the Board of Trustees pursuant to the Master Agreement. The School District affirmed the decision not to renew without a further statement of reasons. Plaintiff then appealed to the County Superintendent. The Findings of Fact of the County Superintendent established that the notice of non-renewal of nontenure teacher was timely; that plaintiff's appeals to the School Board and County Superintendent

3

were timely; that plaintiff was non-renewed "for the reason: 'expiration of temporary one-year contract'"; and that plaintiff signed a standard teaching contract and an Acknowledgement of Temporary Contract prior to the 1985-86 school term. The pertinent conclusion of law by the County Superintendent was that the School District was bound to provide nontenure teachers with some indication of the reason or basis for the decision to terminate. While not denominated either a finding of fact or conclusion of law, the key conclusion on the part of the County Superintendent was that "this Hearing Officer does agree with the Petitioner [plaintiff] that this particular one-year contract stipulation is an attempt to evade the 'specific reason' test of the Bridger case." Bridger Educ. Ass'n v. Board of Trustees (1984), 209 Mont. 31, 678 P.2d 659. The County Superintendent then ordered that the decision of the Board of Trustees was overturned and that the plaintiff was reinstated with full salary and benefits for the 1986-1987 year.

The School District appealed that decision to the State Superintendent of Public Instruction (State Superintendent). The State Superintendent reversed the County Superintendent, holding that this was "not a termination situation as covered by Bridger, but rather, a contractual issue resolved in accordance with the terms of the agreement." He pointed out that plaintiff was notified and acknowledged that she accepted a temporary position which would terminate at the end of the next school year and that such acknowledgement was made in addition to the regular teaching

4

contract. In addition he pointed out that at the end of the temporary appointment she was notified that she was given the opportunity to reapply for the position and was encouraged to do so. He further concluded there was nothing in the record to support the County Superintendent's conclusion that the School District was using temporary appointments to evade the requirement of a statement of reasons.

Plaintiff requested judicial review of the State Superintendent's decision, contending that the State Superintendent erred in concluding that Bridger did not apply; that the State Superintendent erred in ignoring the requirements of § 20-4-206, MCA, that terminated nontenure teachers be given the reasons for termination; and that because all teachers are on one-year contracts, the expiration of such a contract is not a "reason" for termination.

The District Court concluded as follows:

[e]ven though the school district may be immune from suit under Section 2-9-111, MCA, it still must comply with the requirements of Section 20-4-206(3), MCA, and the Bridger decision. Under Bridger, a school district must provide a nontenured teacher with a statement of reasons which states what undesirable qualities merit a refusal to enter into a further contract. Since the school district did not provide such a statement, it is the opinion of the Court that under Bridger the matter must be remanded to the school district for a statement which complies with that decision.

The District Court ordered a remand to the School District for a statement of reasons. The District Court did not address the issue of the reinstatement of the plaintiff. From that decision, the School District appeals.

5

Did the School District follow adequate procedure in terminating the nontenure teacher?

It is important that we consider the specific provisions which apply to the termination of a nontenure teacher. Section 20-4-206, MCA, as set forth in 1989, has not been changed since the 1975 amendment, and in pertinent part states:

> (1) The trustees shall provide written notice by May 1 to all nontenure teachers who have been reelected. Any nontenure teacher who does not receive notice of reelection or termination shall be automatically reelected for the ensuing school fiscal year.
>
> . . .
>
> (3) When the trustees notify a nontenure teacher of termination, the teacher may within 10 days after receipt of such notice make written request of the trustees for a statement in writing of the reasons for termination of employment. Within 10 days after receipt of the request, the trustees shall furnish such statement to the teacher.

After a consideration of the argument by counsel, including the references to Bridger, we conclude that it is necessary for us to restate our interpretation of § 20-4-206, MCA, as it applies to nontenure teachers. Under that statute, the School Board was required to give written notice to the plaintiff nontenure teacher by May 1. Had such notice not been given, the nontenure teacher would have been automatically reelected for the following school year. Here the School District timely gave the required notice. As a result of the giving of that notice, the plaintiff was terminated for the ensuing school fiscal year. Under the statute, a statement of reasons was not required in order to effectively

terminate the plaintiff. We emphasize that under the statute, the notice of termination is sufficient even in the absence of any statement of reasons. Under the provisions of § 20-4-206, MCA, we hold that the School Board properly gave written notice by May 1 to the plaintiff of her termination, and that such notice was effective to terminate the contract relationship between the plaintiff and the School District so that she would not be automatically reelected for the following year.

## II

Even though plaintiff had been terminated, was she entitled to a further statement of reasons under § 20-4-206, MCA?

As mentioned, the School District advised the plaintiff that the reason for her non-renewal was that her temporary one-year contract had expired. The School District maintains that is a sufficient statement under the statute.

Plaintiff contends that all teachers are on one-year contracts so that the expiration of a one-year contract is not a "reason" for termination. Her argument essentially is grounded in our Bridger decision. She believes that decision requires a more enlarged statement of reasons.

It is apparent that Bridger has caused interpretive problems for the parties. In Bridger, the key statement was:

> The non-tenured teacher is entitled to a notice which states what undesirable qualities merit a refusal to enter into a further contract.

That statement was not required for the holding in Bridger. In addition, it is somewhat inaccurate. It suggests that in the

7

absence of undesirable qualities which merit a refusal to enter into a further contract, a nontenure teacher may not be terminated. That is not a requirment of § 20-4-206, MCA. That section only requires a statement in writing of the reasons for termination upon request of the nontenure teacher. We therefore overrule the statement in Bridger that a nontenure teacher is entitled to notice which states what undesirable qualities merit a refusal to enter into a further contract. If there are undesirable qualities on the part of the teacher, it would be reasonable for a school district to inform the teacher of those undesirable qualities; but there is no statutory standard that the reasons must be somehow sufficient to merit a refusal to enter into a contract. We conclude and hold that under § 20-4-206, MCA, upon written request, a teacher is entitled to a statement in writing of the reasons for termination of employment. As we have mentioned, § 20-4-206, MCA, does not contain any specific requirements with regard to the extent or nature of the statement of reasons. In a similar manner, the Master Agreement does not contain any such specific requirements. We conclude that under the statute the trustees are obligated to furnish a statement stating the "reasons for termination" in reasonable detail.

We note that § 20-4-206(4), MCA, provides that when the financial condition of the school district requires a reduction in the number of teachers and the reason for the termination is the reduction in the number of teachers employed, the provisions of this section do not apply. This case does not involve such a

8

reduction in force.

We recognize that the School District may have hesitated to give details of its reasons in order to eliminate an argument under Bridger that the reasons were not sufficient to justify the non-renewal of the teacher. We trust that concern has been eliminated by this opinion. While we have concluded that a teacher is entitled to a statement setting forth reasons for termination of employment in reasonable detail, we emphasize that the inadequacy of such a statement will not in any way affect the termination, assuming that timely notice of termination was given.

We conclude that under the facts of this case, it is reasonable to require the School District to give a further explanation of the reasons for termination in view of the request by the teacher. We therefore remand to the District Court, and ultimately to the School District, for the furnishing to the plaintiff of a statement in writing of the reasons for the termination of her employment in reasonable detail, in addition to the previous reason given by the School District, that being expiration of the temporary one-year contract.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____
John C. Sheehy

9

William E. Hunter

P. C. McDonough

Diane T. Ba

_____
Justices

Justice John Conway Harrison, dissenting.

I dissent.  I can find no reason to remand this case to the School District.  The plaintiff was hired for a one-year period and was later given the opportunity and was encouraged to reapply for the job.

_____
                    Justice

11